Rosario v Montefiore Med. Ctr. (2025 NY Slip Op 03001)

Rosario v Montefiore Med. Ctr.

2025 NY Slip Op 03001

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., Kennedy, González, Shulman, O'Neill Levy, JJ. 

Index No. 20994/14|Appeal No. 4375-4376|Case No. 2024-03012 2024-03038|

[*1]Rosa Rosario as the Administratrix of the Estate of Noemi La Santa, Plaintiff-Appellant,
v
Montefiore Medical Center, Defendant-Respondent. 

Raymond Schwartzberg & Associates, PLLC, New York (Raymond Schwartzberg of counsel), for appellant.
Wislon Elser Moskowitz Edelman & Dicker LLP, New York (Alan B. Friedberg of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Michael A. Frishman, J.), entered April 29, 2024, dismissing the complaint with prejudice, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 5, 2024, which granted defendant's motion for summary judgment dismissing the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court properly dismissed the complaint and awarded judgment to defendant because defendant sustained its prima facie burden of demonstrating the absence of a departure from the standard of care by the subject emergency medical technicians and of proximate causation. Defendant's EMT and emergency medicine experts both opined that the EMTs "timely and appropriately transported decedent from her apartment to Montefiore while properly treating her complaints of abdominal pain, nausea, vomiting, cough, and dizziness by administering oxygen in adherence to the standard of care," and that the decedent showed no signs of respiratory distress while at the scene, in the ambulance, or upon arrival at the hospital. The emergency medicine doctor additionally opined that "no earlier arrival to Montefiore would have altered decedent's course of treatment since, on admission to the emergency room, decedent's vital signs were normal and she exhibited no signs or symptoms of respiratory distress or an asthma attack."
Plaintiff's expert's affirmation was not sufficient to raise issues of fact precluding summary judgment. Plaintiff's expert, a surgeon who purported to be "familiar with the proper protocols that should be utilized by paramedics," was not qualified to opine regarding the standard of care applicable to EMTs(see Bartolacci-Meir v Sassoon, 149 AD3d 567, 571-572 [1st Dept 2017]). Plaintiff's expert's opinion with respect to proximate causation was conclusory and failed to address the evidence that the decedent's vital signs were normal at the scene and upon arrival at the hospital. Moreover, it failed to address defendant's emergency medicine expert's opinion regarding the significance of this evidence. Plaintiff's expert's opinion with respect to departure was also not supported by the record, which reflected that the EMTs administered oxygen to the decedent, which plaintiff's own witnesses admitted, and was devoid of any objective evidence that the decedent was in respiratory distress. Plaintiff's
allegation that the EMTs waited outside the decedent's building for 10-15 minutes was also not supported by record.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025